UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIN ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S CLUB, et al.,<br><br>    Defendants. | Case No.: 24-cv-2086-RSH-AHG<br><br>**ORDER ON: (1) PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES; AND**<br><br>**(2) DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF Nos. 3, 5] |

Before the Court is a motion for remand and request for attorneys' fees filed by plaintiff Christin Anderson [ECF No. 5] and a motion to dismiss filed by defendants Sam's Club, Wal-Mart Associates Inc., Wal-Mart Stores, Inc., Jenny Zepeda, Jodi Stiles, and Vaman Mustafa [ECF No. 3]. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motions presented appropriate for resolution without oral argument. For the reasons below, the Court grants Plaintiff's motion to remand, denies Plaintiff's request for fees, and denies Defendants' motion to dismiss as moot.

///

## I. BACKGROUND

### A. Plaintiff's Allegations

The instant case arises from Plaintiff's employment and termination from a Sam's Club store located in San Diego, California. Plaintiff's Complaint alleges as follows.

#### 1. May 2021 Incident

Plaintiff was employed at Sam's Club from 2019 to 2023, initially as a cashier and later rising to the level of Member Services Team Lead. ECF No. 1-3 ("Compl.") ¶¶ 9, 17. In May 2021, Plaintiff was involved in an altercation involving a hostile individual entering Sam's Club without identification. *Id.* ¶ 12. During the incident, an employee at the entrance of the store noticed an individual entering without providing proof of membership. *Id.* Plaintiff followed protocol and radioed management. *Id.* Upon witnessing the individual walking out with unpaid merchandise, Plaintiff radioed management a second time. *Id.* An altercation subsequently ensued between the individual and other Sam's Club employees. *Id.* Plaintiff radioed management a third time. *Id.* All three calls went unanswered. *Id.*

The following day, Plaintiff met with defendant Zepeda and received her first write up for allowing an individual to enter the store without providing proof of membership. *Id.* Zepeda accused Plaintiff of mishandling the incident and allegedly giving incorrect instructions to other employees. *Id.* Zepeda further stated Plaintiff was responsible for any injuries sustained by Sam's Club employees. *Id.* Plaintiff was not given an opportunity to dispute the write-up and was instead compelled to sign it under threat of termination. *Id.*

#### 2. Medical Leave

On or around November 2022, Plaintiff went on medical leave due to complications from her pregnancy. *Id.* ¶ 13. Following the birth of her child, Plaintiff filed for leave under the Family Medical and Leave Act ("FMLA") and for disability benefits through California's Employment Development Department. *Id.* She uploaded the relevant documentation onto Defendants' online Leave of Absence platform, "Sedgwick." *Id.* On or around January 2023, Plaintiff requested an additional six weeks of FMLA leave and communicated this request through Sedgwick. *Id.* ¶ 14.

In February 2023, while on leave, Plaintiff received a call from defendant Stiles, a manager, inquiring as to her plans to return to work. Plaintiff responded she had filed for FMLA leave and updated Sedgwick. *Id.* ¶¶ 2, 15. A few weeks later, Plaintiff received a text message from Aaliyah Hardy, a supervisor, again inquiring as to Plaintiff's return date. *Id.* ¶ 16. Plaintiff responded she would be returning to work in March. *Id.* Hardy sent follow-up messages indicating defendant Mustafa, a supervisor, had stated Plaintiff's return to work date was "this week." *Id.* ¶¶ 2, 16.

### 3. Termination

On or around February 20, 2023, Plaintiff received a separation notice. *Id.* ¶ 17. The notice indicated Plaintiff's termination was for "job abandonment." *Id.* Plaintiff called defendant Mustafa, who stated that Plaintiff's leave had ended, that defendant Zepeda had contacted Sedgwick, and that no documentation existed for an extension of Plaintiff's leave. *Id.* Mustafa denied Plaintiff's request to speak with either defendants Stiles or Zepeda. *Id.* Plaintiff later contacted a Sedgwick representative who confirmed receipt of Plaintiff's request for a leave extension that Plaintiff had made in January. *Id.*

## B. Procedural History

On October 1, 2024, Plaintiff initiated the instant action in San Diego Superior Court. *See* Compl. Plaintiff's Complaint asserts thirteen state law causes of action for: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) hostile work environment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to prevent discrimination, harassment or retaliation in violation of FEHA; (6) failure to engage in the interactive process in violation of FEHA; (7) negligence; (8) negligent hiring, supervision, and retention; (9) wrongful termination; (10) intentional infliction of emotional distress ("IIED"); (11) violation of California's Pregnancy Disability Leave Law; (12) retaliation for taking leave in violation of California's Family Rights Act ("CFRA"); and (13) interference with leave rights in violation of the CFRA. *Id.* ¶¶ 22–113.

On November 6, 2024, Defendants removed the case to this Court based on diversity jurisdiction, asserting defendants Zepeda, Stiles, and Mustafa were fraudulently joined. ECF No. 1. On November 13, 2024, Defendants filed a motion to dismiss Plaintiff's Complaint. ECF No. 3. On December 6, 2024, Plaintiff filed a motion to remand and a request for attorneys' fees. ECF No. 5. Both motions are fully briefed. ECF Nos. 4, 6, 7, 8.

## II. LEGAL STANDARD

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C.S. § 1441, "only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U. S. C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Under 28 U.S.C. § 1332(a), when federal subject matter jurisdiction is predicated on diversity of citizenship, as it is here, complete diversity must exist between the opposing parties. *See Caterpillar*, 519 U.S. at 68 (diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). The amount in controversy must also exceed $75,000. 28 U.S.C.S. § 1332(a). Under 28 U.S. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

///

### III. ANALYSIS

#### A. Motion to Remand

The Court turns first to Plaintiff's motion to remand. Plaintiff argues remand is necessary in this case because Defendant's removal was improper under the forum defendant rule. ECF No. 5 at 12–14. Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of . . . [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (stating that the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state").

The forum defendant rule is a "procedural, or non-jurisdictional, rule" and acts as an "*additional* limitation on diversity-based removal jurisdiction[.]" *Lively*, 456 F.3d at 939 (emphasis added). The rule "presupposes complete diversity; it does not eliminate the need for it." *Ross v. United Airlines, Inc.*, No. 2:22-CV-01532-SB-GJS, 2022 WL 1302680, at *3 (C.D. Cal. Apr. 30, 2022); *see J. Doe v. Mitchell*, No. 18-CV-06261-HSG, 2019 WL 1749521, at *2 (N.D. Cal. Apr. 19, 2019) ("Whether the forum defendant rule bars or allows removal is thus distinct from the foundational question of whether there is complete diversity, which must exist for the Court to have subject matter jurisdiction at all."); *Roberson v. Fauryan*, No. CIV. 2:11-2999 WBS, 2012 WL 346628, at *3 (E.D. Cal. Jan. 31, 2012) ("The local defendant or forum defendant rule is a limitation only in cases where complete diversity exists between the parties that would otherwise create federal jurisdiction."); *Jennings-Frye v. NYK Logistics Americas Inc,* No. 2:10-CV-09737-JHN-EX, 2011 WL 642653, at *4 (C.D. Cal. Feb. 11, 2011) ("Section 1332's complete diversity requirement and the 'local defendant' rule under section 1441(b) are two entirely separate considerations for purposes of analyzing whether removal is proper.").

///

///

    The Court therefore first considers whether there is complete diversity. Plaintiff is a citizen and resident of California. The Complaint alleges that defendants Zepeda, Stiles, and Mustafa are likewise California residents.

    In contending complete diversity does exist, Defendants argue first that Plaintiffs did not properly allege the citizenship of defendants Zepeda, Stiles, and Mustafa (collectively, the "Individual Defendants"). ECF No. 7 at 5. Second, Defendants contend that *even if* the Individual Defendants are California citizens and therefore non-diverse, they were nevertheless fraudulently joined to this suit. The Court addresses these arguments below.

            1.      *Allegations of Citizenship*

    Defendants argue first that the Court Complaint alleges only that the Individual Defendants are California residents, and not California *citizens*, and that this is insufficient to destroy diversity of citizenship. *See* ECF No. 7 at 5.

    It is true Plaintiffs' Complaint alleges that the Individual Defendants are California residents without specifically mentioning their citizenship.[1] Compl. ¶ 2. It is also well established that "residency is not equivalent to citizenship." *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Instead, "[a] natural person's state citizenship is [] determined by her state of domicile, not her state of residence." *Id.* (internal quotation marks omitted). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* For these reasons, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

    Nevertheless, Defendants' argument misstates their burden as the removing parties in this case. Defendants, and not Plaintiff, bear the burden of establishing that diversity is

---

[1]    The Complaint also alleges that the Individual Defendants all worked with Plaintiff at a Sam's Club in San Diego, California, where the events alleged in the lawsuit took place. Compl. ¶ 2.

1  complete. *See California v. Caydon San Diego Prop. LLC*, No. 3:23-CV-01296-JES-DDL, 2024 WL 1342575, at *2 (S.D. Cal. Mar. 29, 2024) (holding that the removing party bears the burden of demonstrating "complete diversity between adverse parties); *Harris v. Walmart Inc.*, No. 2:22-CV-02540-SB-PLA, 2022 WL 2132588, at *2 (C.D. Cal. June 13, 2022) ("[Defendant], as the removing party, has the burden of establishing that diversity is complete.").

Defendants' notice of removal says nothing about the citizenship of the Individual Defendants, other than that it should be disregarded because they were fraudulently joined. ECF No. 1 at 5. The Individual Defendants know their state of citizenship but decline to identify it. Defendant Sam's Club also knows but remains silent. In these circumstances, it would be "unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's . . . citizenship when [a corporate defendant] is in a position to know that information[.]" *Sandoval v. Republic Servs., Inc.*, No. 2:18–CV–01224–ODW(KSX), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018); *see Harris*, 2022 WL 2132588, at *2 ("Where a defendant has sufficient information to identify and discover the citizenship of its employees, courts do not permit the defendant to plead ignorance of the employee's citizenship[.]"); *Collins v. Garfield Beach CVS, LLC*, No. CV 17–3375 FMO (GJSX), 2017 WL 2734708, at *2–3 (C.D. Cal. June 26, 2017) (remanding case to state court where defendant "was in a position to know" the identity and citizenship of employee).

Accordingly, Defendants have not met their burden of establishing diversity of citizenship simply by contending that Defendants' California residency does not amount to California citizenship.

    2.    *Fraudulent Joinder*

Defendants next argue that the citizenship of the Individual Defendants should be disregarded because they were fraudulently joined to this lawsuit. ECF No. 7 at 6–14. Specifically, Defendants contend Plaintiff has not alleged any viable claims against any of the Individual Defendants. *Id.*

### a. Generally

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

"Fraudulent joinder is established the second way if a defendant shows that an 'individual [] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *GranCare*, 889 F.3d at 548 (internal quotation marks omitted).

While "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6)," they are "not equivalent." *Id.* at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* Instead:

> Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction.

*Id.* "Stated differently, it must appear to a near certainty that the joinder was fraudulent."

*Garcia v. Hertz Loc. Edition Corp.*, No. 323CV01270BENDDL, 2023 WL 7386685, at *2 (S.D. Cal. Nov. 8, 2023) (internal quotation marks omitted); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").

In this case, Plaintiff asserts two claims against the Individual Defendants: (1) a hostile work environment claim under FEHA; and (2) a claim for IIED. Compl. ¶¶ 29–36, 86–89. To show the Individual Defendants were fraudulently joined to this suit, Defendants must demonstrate that *both* of Plaintiff's claims against each of the Individual Defendants are wholly insubstantial and frivolous. *See Brown v. Beazley USA Servs., Inc.*, No. 24-CV-09035-SI, 2025 WL 436716, at *5 (N.D. Cal. Feb. 7, 2025) ("To reiterate, to defeat an accusation of fraudulent joinder, the law requires only a possible viable claim against defendant[.]"); *Sue Tsang v. Select Portfolio Servicing, Inc.,* No. EDCV 12-00127 VAP, 2012 WL 10423187, at *6 (C.D. Cal. Aug. 3, 2012) (plaintiff "need only have one potentially valid claim against a non-diverse defendant to withstand a challenge on the basis of fraudulent joinder") (internal quotation marks omitted).

Defendants have not met that burden here. Specifically, the Court is not convinced Plaintiff's IIED claims against the Individual Defendants are wholly insubstantial and frivolous. To state a claim for IIED under California law, "a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (Ct. App. 1989). To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.*

Defendants argue Plaintiff has not sufficiently alleged how any of the actions taken by the Individual Defendants were sufficiently extreme or outrageous to support an IIED claim. ECF No. 7 at 10–11, 14. The Court's task on the present motion, however, is not to

evaluate whether Plaintiff has sufficiently pleaded an IIED claim against the Individual Defendants. Rather, it is to determine whether Plaintiff has so obviously failed to state such a claim such that the joinder of the Individual Defendants is fraudulent. *See GranCare,* 889 F.3d at 549 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."); *Shelton v. Wayfair LLC*, No. 2:24-CV-01541-TLN-JDP, 2025 WL 467263, at *4 (E.D. Cal. Feb. 12, 2025) ("[T]he Court's job is not to determine if Plaintiff will actually—or even probably—prevail on the merits of his case; rather, the Court must evaluate whether there is any possibility that he will do so.").

Here, Defendants have not established it is obvious Plaintiff cannot state an IIED claim against the Individual Defendants. According to Plaintiff, during the May 2021 incident, Plaintiff followed all protocols with respect to dealing with an individual entering a Sam's Club store without proof of membership. Compl. ¶ 12. That incident resulted in violence, with Plaintiff's co-worker getting struck in the face by the individual. *Id.* Despite the fact that Plaintiff had followed the correct protocols, defendant Zepeda allegedly accused Plaintiff of mishandling the incident, and attributed all injuries dealt to Sam's Club employees as a result of the altercation to Plaintiff's actions. *Id.* Zepeda is also alleged to have compelled Plaintiff to sign an inaccurate write up or face termination without providing Plaintiff an opportunity to address the write up or ask questions. *Id.* According to Plaintiff, she was reduced to tears during her meeting with Zepeda. *Id.* Zepeda allegedly did all these things knowing that Plaintiff was pregnant. *Id.*

Based on these allegations, the Court is not convinced Plaintiff's IIED claim against defendant Zepeda is frivolous. *See Lahti v. Transdev Servs., Inc.*, No. 23-CV-1313-CAB-JLB, 2023 WL 6129511, at *3 (S.D. Cal. Sept. 19, 2023) (holding plaintiff's characterization of her supervisor as "demanding," "rude," and a "bully" was alone sufficient to convince the court that plaintiff's IIED claim was not wholly insubstantial and frivolous); *Martinez v. Rscr California, Inc.*, No. CV2002470CJCRAOX, 2020 WL 2198178, at *4 (C.D. Cal. May 6, 2020) ("[I]n other cases in which defendants have argued

that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared relatively weak.") (internal quotation marks omitted).

The Court is also not convinced Plaintiff would be unable to plead an IIED claim against defendants Stiles and Mustafa. The Complaint alleges Stiles and Mustafa were involved in the decision to terminate Plaintiff for "job abandonment" despite Plaintiff's request for an extension of her medical leave. Compl. ¶¶ 13, 17. Plaintiff further alleges Mustafa inaccurately represented there was no documentation for her leave request, despite Plaintiff's later confirmation her request had been received. *Id.* ¶ 17.

Courts in the Ninth Circuit have held similar claims to be sufficient to withstand a fraudulent joinder analysis. *See Bejarano v. Int'l Paper Co.*, No. 1:13-CV-01859-AWI, 2015 WL 351420, at *10 (E.D. Cal. Jan. 23, 2015) (holding there was a possibility plaintiff would be able to state a IIED claim where plaintiff alleged he was terminated for taking medical leave without any consideration of his medical documentation), *report and recommendation adopted sub nom. Bejarano v. Internatinoal Paper Co.*, No. 1:13-CV-1859 AWI GSA, 2015 WL 13650898 (E.D. Cal. Feb. 13, 2015); *Dagley v. Target Corp.*, No. CV 09-1330VBFAGRX, 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009) (holding IIED claim was possible against defendant where plaintiff alleged she was denied the right to medical leave in a deceptive manner); *Gibson v. Am. Airlines*, No. C 96-1444 FMS, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996) (same).

Finally, Defendants have also not sufficiently demonstrated how Plaintiff would not be afforded the opportunity to amend her complaint to cure any purported deficiencies. *See Risk v. United Airlines, Inc.*, No. CV 22-9382-JFW(JCX), 2023 WL 2208209, at *4 (C.D. Cal. Feb. 23, 2023) ("[E]ven if Plaintiff's complaint fails to allege sufficient facts to plead a viable harassment or intentional infliction of emotional distress claim against [the individual defendant], Defendants have failed to show that Plaintiff will be unable to amend his complaint to add additional allegations or facts supporting his claims."); *Burris*

*v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (granting motion to remand even where plaintiff had not alleged any conduct that would be considered extreme or outrageous as defendant had not demonstrated plaintiff would not be afforded leave to amend his complaint).

Ultimately, "the Court need not go into a 12(b)(6) analysis of whether Plaintiff has stated a claim" as this question is "more appropriately tried in state court." *Lahti*, 2023 WL 6129511, at *3; *Asurmendi v. Tyco Elecs. Corp.*, No. C 08-5699 JF PVT, 2009 WL 650386, at *3 (N.D. Cal. Mar. 11, 2009) ("The evaluation of fraudulent joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail.") (internal quotation marks omitted). It is sufficient for the Court to conclude Defendants have not met their high burden of showing there is *no possibility* Plaintiff's claims are viable.[2] For these reasons, the Court grants Plaintiff's motion to remand.

**B.    Request for Fees**

The Court turns next to Plaintiff's request for her attorneys' fees and costs associated with bringing this motion to remand. ECF No. 8 at 14.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Here, the Court does not find Defendants' removal was objectively unreasonable; only that Defendants failed to meet their heavy burden of establishing fraudulent joinder.

---

[2]    As Plaintiffs need only one potentially valid claim against one Individual Defendant to show remand is proper in this case, the Court declines to consider the viability of Plaintiff's harassment claims.

Accordingly, the Court denies Plaintiff's request for attorneys' fees and costs. *See Martinez v. AJM Packaging Corp.*, No. 24-CV-00268-BAS-DTF, 2024 WL 3274857, at *5 (S.D. Cal. July 2, 2024) (denying request for fees under similar circumstances); *Ancona v. Lowe's Home Centers, LLC*, No. 20-CV-1462-MMA (JLB), 2020 WL 8679709, at *5 (S.D. Cal. Sept. 23, 2020) (same).

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's request for attorneys' fees. ECF No. 5. The Court **DENIES AS MOOT** Defendants' motion to dismiss. ECF No. 3. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 18, 2025

*[signature]*
_____
Hon. Robert S. Huie
United States District Judge